## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

In re Will of
Theodore John Morris,
deceased

January 31, 2005

Case No. CH04-982

BY JUDGE WILLIAM H. LEDBETTER, JR.

This case is before the court on appeal from the clerk's rejection of a document presented for probate. The issue is whether the pen-and-ink portion of the document is a valid holographic will. .

*Facts*

Theodore John Morris died at age 48 on September 22, 2004, survived by his wife, Sheral Ann Morris, two minor children, and an adult child of a previous marriage.

On November 5, 2004, Sheral Ann Morris presented to the clerk a paper purporting to be the last will of her deceased husband. The paper is a preprinted form. Certain blank spaces are filled in. Below the preprinted section of the document there is a large space. Two numbered paragraphs, handwritten, appear in that space. In the first numbered paragraph, the author essentially disinherits his adult son. The adult son, Robert P. Morris, received proper notice of this proceeding but did not appear. In the second numbered paragraph, the author leaves his estate to his wife, Sheral Ann Morris "to do with as she sees fit" because "she knows my wishes". The paper is subscribed by the decedent and dated "1-28-97."

These is no controversy about the procedural status of the case. From the clerk's refusal to admit the paper to probate, Sheral Ann Morris noted a timely appeal pursuant to Virginia Code § 64.1-78. Here, a guardian ad litem was

appointed for the minor children,[1] and all interested persons received proper notice. As noted above, the decedent's other child, an adult, chose not to participate and told counsel for Sheral Ann Morris that he wanted no part of the estate. The parties waived trial by jury and the case was tried de novo, as prescribed by Virginia Code § 64.1-78, on January 24, 2005.

Further, it is undisputed that the handwriting and the signature on the paper were authored by the decedent. Sheral Ann Morris testified that she was present when her husband wrote and signed the paper, and she testified about the time, place, and circumstances of the signing. The decedent's handwriting was established by the testimony of two disinterested witnesses, as required by Virginia Code § 64.1-49.

The dispute centers on whether the handwritten portion of the document can be probated as the valid holographic will of the decedent. Sheral Ann Morris argues that the preprinted material can be disregarded and the handwritten portion should be accepted and admitted to probate as a holographic will. The decedent's two minor children, by their guardian ad litem, contend that the clerk correctly rejected the document because the handwriting is too connected to and dependent upon the preprinted material contained in the document.

In Virginia, with certain narrow exceptions, a will must be in writing and signed by the testator, the signature must be acknowledged by the testator in the presence of at least two witnesses who are present at the same time, and the witnesses must subscribe in the presence of the testator. Virginia Code § 64.1-49. This is sometimes referred to as a "formal" will.

If the will is wholly in the handwriting of the testator and signed, attesting witnesses are unnecessary. Virginia Code § 64.1-49. A will wholly in the handwriting of the testator is a "holographic" will.

The word "wholly" is not used in its absolute, utter, and rigidly uncompromising sense. *Bell v. Timmins*, 190 Va. 648 (1950). Printed or typed material on the document can be disregarded so that, if the handwriting contains a complete and entire testamentary disposition, the handwritten portion of the document can be admitted to probate as a valid holographic will. *Gooch v. Gooch*, 134 Va. 21 (1922).

Courts of other states that recognize holographic wills similarly hold that, where a paper contains words not in the handwriting of the testator, those words can be ignored if the remaining handwritten portion of the paper would

---

[1] If the decedent died intestate, the minor children would inherit. See Virginia Code §§ 64.1-1, 64.1-11, etc.

otherwise constitute a valid holographic will. See, for example, *In re Estate of Teubert*, 298 S.E.2d 456 (W. Va. 1982); *Charleston Bank v. Thru the Bible Radio Network*, 507 S.E.2d 708 (W. Va. 1998).

The Supreme Court seemed to take a narrow view of this principle in *Moon v. Norvell*, 184 Va. 842 (1946). There, the Court adopted and quoted the opinion of the trial court[2] which held that the handwriting could be treated as a holographic instrument in itself because, among other factors, the handwriting was not interwoven with the typewriting nor did it immediately follow it; the handwriting was all on the other side of the paper; the testator did not intend any part of the typewriting as an integral part of the will in its final form; and there was no suggestion that the handwriting was a continuance of the typed material.

However, in *Moon*, the facts justified the recitation of all the factors mentioned above. The decedent wrote an entirely new will, in pencil, on the back of an old typewritten will. The Supreme Court affirmed the trial court's order admitting to probate the pencilled portion of the document.

In *Moon*, the Court made these other observations:

> The holograph instrument [i.e., the handwriting in pencil on the back of an older typed will] disposes of the entire estate . . . names the parties and the amounts of property [the testator] desired each to receive. There is no uncertainty as to her dispositive intentions. It is quite true that the pencil writing does not contain an introductory paragraph and does not provide for the payment of debts. . . . While such paragraphs are usually found in wills prepared by those who have had more or less experience in writing such legal instruments, neither is necessary. If the testamentary intention may be determined from other parts of the will, the formal expression of such intention is not essential. . . .

If that is the criteria, the handwritten portion of Theodore John Morris' document complies.

Further, in the earlier *Gooch* case, the facts were more akin to those in this case. In *Gooch*, the decedent had hand written a codicil on a preprinted form provided to him upon his initiation as a Mason. The court upheld and specifically approved the trial court's finding that the printed portions of the

---

[2] *In re Moon*, 1 Ops. B. Lamb 83 (1944). The trial judge was Brockenbrough Lamb, whose writings on probate practice and related topics are legendary.

form could be disregarded, leaving that portion of the writing that is wholly in the handwriting of the testator and signed by him. The Court said that the handwriting was "complete and entire in itself," and was made with testamentary intent, so it could be admitted to probate as a holographic instrument.

The handwritten portion of the document in this case is likewise "complete and entire in itself." It clearly is the testamentary act of the decedent. See *Bailey v. Kerns*, 246 Va. 158 (1993). It disposes of all the decedent's property at his death, and it names the party to receive the property. There is no formal expression of testamentary intent, but that is not necessary. *Moon, supra.* There is no provision for payment of debts, but such provision is not necessary. *Moon, supra.* There is no appointment of a personal representative, but such appointment is not necessary. See 20 M.J., *Wills*, § 23.

For these reasons, the court is of the opinion that the two numbered handwritten paragraphs at the bottom of the paper constitute the last will and testament of the decedent, and will be admitted to probate, disregarding the printed material on the paper.